MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Warren Capaiu, | No. CV 07-458-PHX-DGC (DKD) |
| Petitioner, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Respondents. | |

Petitioner James Warren Capaiu, formerly confined in the Arizona State Prison system, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will deny the Petition as moot.

According to Petitioner, his probation in Maricopa County Superior Court case #CR-1995-006250 was revoked and he was sentenced to 2.5 years in prison. Petitioner was released on parole on October 22, 2006. His parole expired on March 1, 2007.

Petitioner's Petition no longer meets the "case-or-controversy" requirement under article III, § 2, of the United States Constitution. The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Id. However, once a convict's

Dockets.Justia.com

sentence has ended, some continuing injury other than the now-expired term of incarceration or parole – some collateral consequence of the conviction – must exist to maintain the suit. Id.

Petitioner is not challenging his underlying conviction; he only challenges the revocation of his probation. Petitioner raises five grounds for relief, all of which concern the revocation of his probation. Petitioner served his prison term on the revocation, was released on parole, and has now completed his parole term. His Petition, therefore, is moot. See id. at 8-16 (finding moot a habeas petition challenging parole revocation procedures after the petitioner was released from prison).

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) is **denied as moot** and the Clerk of Court must enter judgment accordingly.

DATED this 19th day of March, 2007.

*/s/ David G. Campbell*
_____
David G. Campbell
United States District Judge